■ JEWEL EQUITIES CORP., Doing Business as TALLY-HO MOBILE HOME ESTATES, Respondent, v JOSEPH DUCILLO, as Zoning Administrator of the Town of Amenia, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Administrator of the Town of Amenia, which denied the petitioner's application for a building permit, the appeal is from a judgment of the Supreme Court, Dutchess County (Nicolai, J.), dated July 10, 1985, which set aside the Zoning Administrator's determination and

directed the Zoning Administrator and the Town of Amenia Zoning Board of Appeals to issue a building permit for the construction of three mobile home sites on the petitioner's property.

Judgment affirmed, without costs or disbursements.

Pursuant to a stipulation between the parties and an order of the Supreme Court, Dutchess County (Donohoe, J.), dated February 1, 1972, the petitioner was given permission to build a maximum of 150 mobile home sites on his property, with the requirement that at least 200,000 square feet be set aside as a playground area and that "only 17 mobile units will be allowed on the entire frontage on Route 22". The appellants denied the petitioner a building permit for the last three sites on the basis that the proposed plans placed these sites on land with frontage on Route 22, and the maximum allowable number of sites, to wit, 17, had already been built on such land. However the record reveals that the petitioner did not build any sites on land fronting on Route 22. Thus, the court's determination that the petitioner was entitled to building permits for these proposed sites was correct.

The appellants argue for the first time on appeal that the proposed plans would violate the requirement that a minimum of 200,000 square feet be used as a playground area. Apart from failing to raise this factual argument at Special Term, the appellants also failed to submit any square-foot measurements or other documentary evidence in support of this argument. Rather, the record reveals that the petitioner's property has a total of 343,800 square feet of open space, and that an area of 197,000 square feet which has already been set aside has a swimming pool and recreational office on it. The proposed sites would not utilize any of this 197,000 square foot area, which appears to be the main area set aside to satisfy the "playground area" requirement. Lazer, J. P., Bracken, Kooper and Spatt, JJ., concur.